UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY K. HILL, | ) |
|  | ) |
|     Petitioner, | ) |
|  | ) |
| v. | )   No. 1:19 CV 119 DDN |
|  | ) |
| JASON LEWIS, | ) |
|  | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION**

This action is before the Court upon the petition of Missouri state prisoner Anthony K. Hill for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**BACKGROUND**

On November 3, 2011, in the Circuit Court of Gasconade County, petitioner Hill was convicted by a jury of the following offenses: three counts of first degree deviate sexual intercourse with a person less than 14 years of age; first degree child molestation; two counts of first degree sexual intercourse with a person less than 14 years of age; second degree statutory rape; and second degree statutory sodomy.

On November 28, 2011, before sentencing, petitioner through counsel filed a written motion for a new trial. Petitioner alleged that during voir dire juror #3, who became the jury foreperson, was

> disingenuous to the Court and Counsel in Voir Dire questioning as to his relationship with the victim's mother . . . , [that he] maintained and still continues an active relationship with the mother of the alleged victim which is obviously prejudicial to the juror selection and jury trial process.
>
> More particularly, Defendant asserts that juror number three (3), Edward Rolfes Jr., had an active facebook relationship with the alleged victim's mother which allowed him the ability to communicate with the alleged victim's mother which was contrary to his sworn testimony in Voir Dire in that he stated that he

>only knew the alleged victim's mother from high school and occasionally ran into her at a bar and said "hi".

(Doc. 16-3 at 76.) On February 17, 2012, the Circuit Court conducted a hearing on petitioner's motion for a new trial. Thereafter, the motion was denied.

On May 3, 2012, the Circuit Court sentenced petitioner Hill to 5 terms of life imprisonment, one term of 10 years imprisonment, and two terms of five years imprisonment, all to be served concurrently. (Doc. 14-1 at 38-40.)

On direct appeal, petitioner raised only one ground for relief: His federal constitutional rights were violated when the jury foreperson intentionally failed to disclose that he had a relationship with the child victim's mother on popular networking website Facebook. This relationship involved him viewing postings by her and her photographs, exchanging personal messages with her, including messaging the night the jury's verdict was rendered, which strongly indicated he was biased against petitioner. (Doc. 14-1 at 18.) On June 18, 2013, the Missouri Court of Appeals affirmed the judgment on direct appeal. On petitioner's sole point on appeal, the appellate court ruled:

>Here, Hill argues that an intentional nondisclosure occurred when Rolfes, in response to the State's voir dire examination, failed to reveal his Facebook relationship with Mother. During voir dire Rolfes was asked whether he knew Mother, talked with Mother, or socialized with Mother. Rolfes responded that he knew Mother from school and his communication and socialization with Mother was limited to "Hi, how you doing, that's about it." That level of communication and socialization was consistent with his Facebook relationship with Mother. Mother and Rolfes both testified that they did not use Facebook to socialize and communicate with one another. At most, their Facebook relationship prior to trial consisted of nothing more than general pleasantries, consistent with the relationship described by Rolfes during voir dire. Therefore, the extent of their relationship was fully disclosed during voir dire, and a lay person would not reasonably conclude that the State's questions solicited disclosure of the fact that the relationship took place on Facebook when no inquiry was made as to the method or medium of their limited communication and socialization. Accordingly, there was no clear question which unequivocally triggered Rolfes' duty to disclose his Facebook relationship with Mother, and the record does not support that a nondisclosure actually occurred. The trial court did not abuse its discretion in denying Hill's motion for

2

new trial based on juror misconduct.

(Doc. 14-3 at 5-6.) *See State of Missouri v. Hill,* 412 S.W.3d 281, 285 (Mo. Ct. App. 2013).

On February 13, 2014, petitioner filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15. To the Court's discernment, the motion asserted the following grounds for relief, all based upon allegations of constitutionally ineffective assistance of counsel:

A. Petitioner's trial counsel:
1. Failed to interview or contact witnesses given him by petitioner.
2. Failed to offer evidence and file motions suggested by petitioner.
3. Failed to establish a reasonable relationship with petitioner.
4. Failed to present documentary evidence, medical records, and witness statements suggested by petitioner.
5. Failed to discuss the state's evidence with petitioner before trial.
6. Failed to spend sufficient time with defense witnesses prior to trial.
7. Failed to interview or depose state witnesses prior to trial.
8. Failed to argue the jury saw petitioner shackled.
9. Failed to object to jury instructions and prosecutor misconduct.
10. Accepted the case knowing he had a conflict of interest with petitioner.
11. Failed to familiarize himself with petitioner's case.
12. Attended trial smelling of alcohol.
13. Failed to argue that petitioner's Eighth Amendment rights were violated.

B. Petitioner's appellate counsel:
1. Failed to argue a "dead bang winner claim" on direct appeal.
2. Failed to argue the petitioner's Eighth Amendment rights were violated.

Petitioner's *pro se* motion also argued that the prosecuting attorney knowingly put witnesses on the stand who testified falsely.

(Doc. 16-4 at 1-8.)

On May 14, 2014, petitioner's appointed counsel filed an amended motion for relief under Rule 29.15. (Doc. 14-7.) In the amended motion, counsel argued that petitioner's trial counsel was constitutionally ineffective in the following grounds:

3

1. Trial counsel failed to interview, call to testify, or inquire of the following witnesses: Allison Tyson, Marilyn S. Hill, Daniel D. Hill, Katherine A. Rose and, and Heidi R. Bottomley, regarding a joint birthday party held for M.G. and B.F. in Hermann, Missouri, for M.G.'s fourteenth birthday at which time she alleged sexual acts occurred at the Lost Valley Lake Resort, and M.G. testified there was no birthday party.

2. Trial counsel failed to request a change of venue as requested by Movant.

3. Trial counsel failed to investigate, as requested by Movant, ongoing occurrences of abuse and threats by Mary Hill during a custody dispute involving D.H., and prior false allegations made by M.G., as Movant had reported to Officer Linkee Carrillo prior to the allegations made by M.G. being reported.

4. Trial counsel failed to declare that he had a conflict of interest representing Movant because the mother of M.G. was an employee of trial counsel.

5. Trial counsel failed to obtain journals kept and written by M.G. and her sisters that Movant had provided to his former counsel, Richard Dempsey, Jr., that contained statements which demonstrated the abuse M.G. suffered at the hands of her mother, Mary Green.

6. Trial counsel failed to inquire of M.G., on cross-examination, regarding any scars or deformities Movant had due to an injury suffered to his groin area in the summer of 2009.

7. Trial counsel failed to counsel and discuss with Movant the discovery received from the Prosecuting Attorney and discuss the specific allegations and time frame of the individual occurrences; and obtain evidence suggested by Movant which would allow Movant to provide potential evidence in support of his defense and assist trial counsel to better familiarize himself with supportive facts and prepare for trial.

8. Trial counsel failed to subpoena additional journals kept by M.G. and her sisters after Movant moved out of the house in September 2009, that would provide additional evidence for impeachment of M.G. and Mary Hill.

9. Trial counsel failed to obtain Movant's medical records from the Odessa Medical Group from 2010 demonstrating that Movant had a severe fungal infection at a time M.G. claimed sexual relations occurred in September 2010 and had a serious illness for which he needed emergency care.

10. Trial counsel failed to contact and discuss proposed testimony with the defense witnesses, called at trial, resulting in trial counsel's inability to thoroughly question the witnesses.

11. Trial counsel failed to conduct a deposition of officer Linkee Carrillo prior to trial in order to prepare to cross-examine him regarding the conversations Movant had with the officer prior to September 13, 2010, which were unrelated to the specific allegations, and the conversation held between Movant and Officer Carrillo on September 13, 2010, related to the allegations being made by M.G.

12. Trial counsel failed to investigate, after being informed by Movant, that on the morning of trial he was paraded before the venire panel, while shackled and in jail clothes.

13. Trial counsel failed to investigate, as requested by Movant, the fact that one of the jurors was spending time with BACA (Bikers Against Child Abuse) members during breaks in the trial, and among the BACA members were several of Macy Green's friends.

14. Trial counsel failed to argue there was insufficient evidence to support the Count III child molestation (touching breast) Instruction Number 8, when the only touching of breast alleged by M.G. occurred in Columbia, Missouri, not Gasconade County.

15. Trial counsel failed to object to the persistence of the Prosecuting Attorney's asking leading questions of M.G. throughout her testimony.

16. Trial counsel failed to object to the Prosecuting Attorney's inappropriate comments during closing argument that M.G. was being honest, by personalizing the argument.

17. Trial counsel failed to object, during the Prosecuting Attorney's argument regarding Movant's future dangerousness; "[I]f the victim's word is not enough, then how are we going to save the other children?"; and stop this madness, don't let these children live in fear.

18. Trial counsel failed to object to State's Exhibit 8 being passed to the jury, during deliberations, that had notes on it written by the Prosecutor.

19. Trial counsel failed to remain sober during trial when on the second day of trial he appeared after lunch smelling of alcohol.

(Doc. 14-7 at 3-6.)

On July 28, 2017, following an evidentiary hearing (Doc. 16-5), the Circuit Court denied the amended Rule 29.15 motion for post-conviction relief on the merits of all 19 alleged grounds. *Hill v. State of Missouri,* No. 14GA-CC00004, 2017 WL 9251779 (Mo. Cir. July 28, 2017); (Doc. 14-8.).

On appeal to the Missouri Court of Appeals, petitioner raised only one point: Petitioner's trial counsel rendered constitutionally ineffective assistance by failing to object to a portion of the prosecutor's closing argument regarding petitioner's "future dangerousness." (Doc. 16-6 at 15.) The Missouri Court of Appeals affirmed the denial of post-conviction relief. *Hill v. State of Missouri,* 557 S.W.3d 526, 526 (Mo. Ct. App. 2018); Doc. 14-10 at 5-9 (unpublished Supplemental Memorandum).

On July 22, 2019, petitioner Hill filed his federal petition for habeas corpus relief with this Court.

## PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges he received constitutionally ineffective assistance of counsel by his trial counsel, direct appeal counsel, post-conviction relief (PCR) motion counsel, and PCR appeals counsel on the following grounds:

A. Trial Counsel:

(1) Failed to object to the prosecution's opinion testimony in her closing argument as to the honesty of the victim, which allowed the Petitioner's Sixth and Fourteenth Amendment rights to be violated.

(2) Failed to object to the prosecution's inappropriate and improper comments about Petitioner's future dangerousness during closing arguments.

(3) Failed to investigate, obtain, and/ or present witness testimony, documents, evidence and depositions of State's witnesses prior to trial that his client asked him to research.

(4) Failed to argue that petitioner was observed by the *voir dire venire panel* in his jail clothing, shackles, cuffed, with a belly chain and carrying his jail court clothes.

(5) Refused to file a motion for a change of venue, when asked to do so by petitioner.

(6) Failed to argue the fact that jury instructions for the count of child molestation in the first degree, clearly states "touching the breast," when the testimony stated this did not continue in Gasconade County at the relevant time.

(7) Failed to familiarize himself with petitioner and the facts of this case which caused him to be unprepared to ask meaningful questions during cross-examination.

(8) Failed to stay sober during the trial.

(9) Failed to investigate prior allegations made to Officer Linkee Carrillo about ongoing abuse and threats from his ex-wife prior to the sexual assault allegations.

(10) Failed to ask the victim about scars or deformities petitioner had due to a prior injury.

(11) Failed to contact and discuss proposed testimony with the defense witnesses.

(12) Failed to investigate the fact that one of the jurors was spending break time with BACA (Bikers Against Child Abuse) members which included the victim's mother's friends.

(13) Failed to object to prosecutor asking the victim leading questions.

(14) Failed to object to state's exhibit No. 8 being passed to the jury with the prosecutor's notes on it.

(15) Failed to discuss any of the discovery or facts with petitioner prior to trial.

(16) Failed to assert and inform petitioner of a potential conflict of interest he had with petitioner but accepted the case anyway.

(17) Failed to argue the violation of petitioner's Eighth Amendment rights.

(18) Failed to object to the prosecutor knowingly using false testimony.

B. Direct Appeal Counsel:

(19) Failed to raise the issue of court error when the prosecutor discussed the victim's honesty.

(20) Failed to raise the claim of the prosecutor knowingly putting witnesses on the stand to give false testimony,

(21) Failed to argue the claim of insufficient evidence to support the conviction of Count III, Child Molestation in the first degree.

7

    (22) Failed to argue that the court violated petitioner's Eighth Amendment rights.

    (23) Failed to raise the issue that trial counsel failed to object to the comments made by prosecution during the closing statements.

    (24) Failed to argue that trial counsel failed to object to the prosecutor's closing arguments.

    (25) Failed to assert that trial counsel failed to object to the prosecution knowingly putting witnesses on the stand to give false testimony.

C.  PCR Amended Motion Counsel:

    (26) Failed to raise all the claims raised in the petitioner's original *pro se* Rule 29.15 motion.

    (27) Failed to raise the claim of ineffective direct appeals counsel to preserve the claim of prosecutorial misconduct for knowingly putting a witness on the stand to give false testimony.

    (28) Failed to argue in the amended motion that trial counsel failed to object during the prosecutor's closing arguments.

    (29) Abandoned petitioner's case by failing to raise the claims in the pro se PCR motion.

D.  PCR Appeals Counsel:

    (30) Failed to raise the claim that direct appeals counsel failed to raise all the claims in petitioner's *pro se* Rule 29.15 motion and abandoning him when he failed to get a ruling on the prosecutor's misconduct.

    (31) Failed to raise in the PCR appeal that the trial court failed to Ground 9b of the amended PCR motion.

    (32) Abandoned petitioner's cause by failing to assert that PCR counsel was ineffective.

    (33) Failed to assert that direct appeal counsel was ineffective.

    (34) Failed to assert that PCR counsel failed to raise the ineffective assistance by PCR counsel and for abandoning petitioner by failing to get a ruling on prosecutorial misconduct.

8

(Doc. 14 at 6-10.)

Respondent contends that only Ground 2 was properly presented to the Missouri courts, circuit and appellate, in the motion for post-conviction relief; that Grounds 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 21, and 23 are procedurally defaulted because they were not presented to the Missouri Court of Appeals and they are also meritless; and that Grounds 17 and 24-34 are not cognizable. (Doc. 14 at 10). Respondent argues that Grounds 24, 25, 29, 32, 33, and 34 are not cognizable claims under Mo. Ann. Stat. § 506.381. Petitioner agrees in his reply that Grounds 24, 25; 29, 32, 33, and 34 are not properly before this Court. (Doc. 21 at 43.)

## EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(l)(A). A state prisoner may not be considered to have exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is not sufficient exhaustion of remedies for a petitioner to simply have no remaining procedure available to him for bringing a claim to the state court. *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam). Rather, the petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. *Id.* To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or during post-conviction relief proceedings. *Sweet v. Delo,* 125 F.3d 1144, 1149 (8th Cir. 1997). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan v. Delo,* 54 F.3d 1371, 1381 (8th Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991)).

A petitioner may overcome the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that the failure of the federal court to review the ground would result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. al 749-50. To establish cause for a procedural default, petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's

9

procedural rule." *Id.* at 753. To establish actual prejudice, petitioner "must show that the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari,* 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)).

As stated above, petitioner filed a *pro se* motion for post-conviction relief, his appointed counsel filed an amended motion for post-conviction relief, and PCR counsel appealed the denial of the amended motion. Petitioner raised multiple grounds in his post-conviction relief motion but raised only the denial of Ground 2 in his PCR appeal. Petitioner has shown that he exhausted Ground 2 in Missouri state court proceedings. Petitioner argues he did not raise the remaining grounds because his counsel refused to raise them initially or abandoned them on appeal, and that this should excuse his procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* provides that ineffective assistance of PCR counsel in an initial review collateral proceeding may establish cause for failing to raise a ground relating to earlier ineffective assistance of trial counsel. *Id.* at 9-10. Petitioner has not demonstrated actual prejudice arising from his post-conviction counsel's failure to raise any of his *pro se* deleted grounds. Nor has he demonstrated that this Court's failure to consider these grounds would result in a miscarriage of justice. Accordingly, petitioner's Counts 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, and 23 are procedurally barred.

If this Court concludes that procedurally barred counts are without merit, Congress has authorized it to consider and to dismiss them. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds and for the reasons stated by respondent concludes that they are without merit.

## LEGAL STANDARD

The federal Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that habeas relief may not be granted by a federal court unless the state court adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or . . . decides a case differently than the Court has on a set of materially indistinguishable facts." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010).  This standard is difficult to meet, because habeas corpus "is a guard against extreme malfunction in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).  A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Thaler*, 559 U.S. at 47.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 130 S. Ct. 841, 845 (2010).  Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  For habeas relief under § 2254(d)(2), clear and convincing evidence that factual findings lack evidentiary support is required. 28 U.S.C. §2254(e)(1); *Wood*, 130 S. Ct. at 845.  For those of petitioner's grounds, which were not fully adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. *Gringas v. Weber*, 543 F. 3d 1001, 1003 (8th Cir. 2008).  "[Under the pre-AEDPA] standard, [petitioner] must demonstrate a 'reasonable probability that the error complained of affected the outcome of the trial.'" *Robinson v. Crist*, 278 F.3d 862, 866 (8th Cir. 2002) (quoting *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir. 1987) (en banc)).

Finally, each of petitioner's grounds alleges constitutionally ineffective assistance of counsel.  In *Strickland v. Washington*, the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. 466 U.S. 668, 6685-86 (1984).  To prevail on a claim of ineffective assistance of counsel, petitioner must establish two elements. *Id*.

First, he must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88.  There is a strong presumption that counsel has rendered constitutionally effective assistance. *Id.* at 690.  Counsel's strategic choices made after thorough investigation are virtually unchallengeable. *Id.* at 690-91.  Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. *Id*.

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. *Id.* at 687. "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696.

## DISCUSSION

**A. Grounds 27, 28, 29, 31, 33, and 34.**

Respondent argues that Grounds 27, 28, 29, 31, 33, and 34 are procedurally defaulted. Petitioner argues that his counsel abandoned his cause, or certain grounds for relief he feels were important, by not continuing to pursue them. Although an attorney cannot abandon a client, this is different than abandoning a ground for relief. *Maples v. Thomas*, 565 U.S. 266, 283 (2012). Abandoning a ground for relief may not be in itself a ground for which habeas relief can be granted. Therefore, this abandonment is not a cognizable claim. *Id.* Petitioner agrees in his reply and abandons them.

**B. Grounds regarding trial counsel:  Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18.**

Grounds 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 are procedurally defaulted because petitioner did not raise them on appeal to the Missouri Court of Appeals.  As stated, a state inmate seeking federal habeas relief must first exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b).  State courts are given the first opportunity to address and potentially correct alleged violations of a state inmate's federal rights. *Coleman,* 501 U.S. at 731.  In Missouri, "a claim must be presented at each step of the judicial process in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).  A state inmate must fairly present his or her claims to state courts during direct appeal or in post-conviction relief proceedings. *Sweet,* 125 F.3d at 1149.  If the claim was present in a PCR motion, the claim must also be advanced on appeal from the denial of the PCR motion. *Id.*  Failing to do so "erects a procedural bar to federal habeas review." *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n.8 (8th Cir. 1998).  Therefore, petitioner has failed to properly raise the subject grounds in the state court as required by Missouri's procedural requirements and are thus procedurally defaulted and barred from consideration by this Court.

If a ground for habeas relief is procedurally defaulted, this Court may reach its merits, if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; see also *Bousley v. United States*, 253 U.S. 614, 622 (1998).

As stated, to demonstrate cause, petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. at 170. Absent legally sufficient cause and prejudice, petitioner must make a showing of actual innocence based on "new and reliable evidence that he was innocent of the crime of which he was convicted" in order to assert a fundamental miscarriage of justice exception. *Story v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010). Petitioner has not met this standard.

The record before the Court does not establish legally sufficient cause and prejudice for the procedural default and it does not include new and reliable evidence of innocence. Further, Hill does not establish that he had inadequate assistance of counsel during his Rule 29.15 initial review collateral proceedings. *Martinez,* 566 U.S. at 9.

In Ground 2, petitioner alleges that his trial counsel, Mr. Briegel, was ineffective for not objecting to statements made by the prosecuting attorney, which petitioner found to be "inappropriate comments about petitioner's potential future dangerousness." (Pet. Doc. 1 at 5). When questioned during the PCR evidentiary hearing, Mr. Briegel testified he has always believed that objecting to those types of comments never made any difference and actually emphasized the comment to the jurors. (Resp. Ex. B at 143). This consideration involved a strategical decision about how to move forward with the case. *Strickland,* 466 U.S. at 687-88. Trial counsel has the freedom to fight for the client in whatever reasonably strategic manner is chosen. *Id*. This latitude includes reasonable although imperfect decisions. *Id*. This Court cannot judge from hindsight but must consider the context of those strategic decisions. Mr. Briegel made reasonable choices during the trial. The *Strickland* standard has not been met. Ground 2 is without merit.

**C. Grounds regarding direct appeal counsel:  Grounds 19, 20, 21, 22, and 23.**

Grounds 19, 20, 21, 22, and 23 are procedurally defaulted because they were not included in the amended PCR motion that was considered by the Circuit Court.  PCR is the first opportunity for an inmate to present ineffective assistance of trial counsel claims. *State v. Mitchell*, 41 S.W.3d 574, 579 (Mo. Ct. App. 2001).  PCR is also the first opportunity for an inmate alleging claims of ineffective assistance of direct appeal counsel. *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. 2018).  If such claims are not raised in an inmate's PCR motion, they cannot be advanced on PCR appeal in Missouri nor can they be asserted when seeking habeas relief in the federal court. 28 U.S.C. § 2254.  Claims not included in the amended motion are not properly before the motion court. *State v. White*, 873 S.W.2d 590, 594 (Mo. 1994).  Therefore claims 19, 20, 21, 22, and 23 are procedurally defaulted.   Hill has not established legally sufficient cause and prejudice to avoid the procedural default.  These grounds are barred from consideration by this Court.

**D. Grounds regarding post-conviction relief motion counsel: Grounds 24 and 25.**

In Grounds 24 and 25, petitioner argues that his post-conviction relief counsel was constitutionally ineffective.  Again, the *Strickland* test requires that an unreasonable act by counsel actually prejudice petitioner.  *Strickland,* 466 U.S. at 687-88.

In Ground 24, petitioner alleges that that PCR counsel was ineffective for not pursuing all of his grounds for relief that he asserted in his *pro se* Rule 29.15 motion.  As stated above, the duty of petitioner's counsel was to consider the *pro se* arguments asserted by petitioner, weigh them as to their likelihood of success, select those worth pursuing, and jettison the rest. *Id*.  Counsel is empowered with the reasonable discretion to discard arguments deemed not helpful based upon his professional judgment and expertise. *Id*.  The grounds that petitioner alleged in his *pro se* Rule 29.15 motion that were not included in the amended motion were reasonably determined by counsel to be not worth pursuing.  Counsel reasonably jettisoned them and instead focused on the arguments that were likely more successful and beneficial to petitioner. *Id*.  Accordingly, the *Strickland* standard is not met. *Id*.

In Ground 25, petitioner alleges that PCR counsel was ineffective for failing to argue that appeals counsel was ineffective for failing to raise the claim and preserving the argument that the prosecution knowingly put witnesses on the stand to give false testimony.  Again, PCR counsel had the discretion to make reasonable choices. *Id*.  Aside from his *ipse dixit* considerations,

petitioner had no evidence that the prosecution knowingly put witnesses on the stand with the knowledge that they were giving false testimony. Accordingly, petitioner's appeals counsel was not constitutionally ineffective for failing to bring a meritless claim.

**E. Post-Conviction Relief Grounds 26 and 32.**

In Ground 26, petitioner claims that PCR appeals counsel was ineffective for failing to argue that the PCR motion counsel was ineffective for failing to bring all points petitioner alleged in his *pro se* PCR motion and for his failure to get a ruling on the claim of prosecutorial misconduct in his case. *Id*. As stated above, counsel's legal expertise allowed him to consider whether the information from petitioner supported a reasonable claim. Again, PCR exercised reasonable discretion in jettisoning weak grounds from petitioner's *pro se* motion. Therefore, the first prong of the *Strickland* test is not met and PCR counsel cannot be considered constitutionally ineffective.

In addition, PCR appeals counsel cannot be considered ineffective for failing to get a ruling on the claim of prosecutorial misconduct. Counsel has the duty to help petitioner identify successful appellate arguments. In the instant case, petitioner's assertion of prosecutorial misconduct is not supported by the record. It was not unreasonable for PCR appellate counsel to not include a ground that would not reasonably support a finding that PCR motion counsel was constitutionally ineffective.

In Ground 32, petitioner claims the PCR appellate counsel failed to raise on appeal that motion counsel abandoned his *pro se* argument about the failure of the PCR motion court to rule his Ground 9b. Petitioner does not claim that counsel abandoned him, only an asserted ground after reasonable consideration. *Maples,* 565 U.S. at 283. This ground is without merit.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the petition of Anthony Hill for a writ of habeas corpus is **denied**. This action is dismissed with prejudice.

Petitioner has made no substantial showing that he was deprived of a constitutional right. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Dated September 30, 2022.